IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DARRYL STEVENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 1:10-00043 |
| ) | JUDGE SHARP/KNOWLES |
| ) | |
| LES HELTON, SHERIFF AND ) | |
| MUNICIPALITIES OF MARSHALL ) | |
| COUNTY, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon a document headed "Motion to Dismiss Filed on Behalf of Les Helton, Sheriff, and Marshall County," filed pursuant to Fed. R. Civ. P. 12(b)(5). Docket No. 14. Defendants have filed a supporting Memorandum of Law. Docket No. 15. Plaintiff has not filed a Response to the Motion.

This is a pro se, in forma pauperis action filed pursuant to 42 U.S.C. § 1983 by an inmate previously incarcerated in the Marshall County Jail. Docket No. 1, 7. Plaintiff's Complaint names two Defendants, "Less [*sic*] Helton, Sheriff and Munipalities [*sic*] Marshall Co." The Complaint is headed "Deliberate indifference in medical care, malpractice, neglect." Docket No. 1. Plaintiff avers that he suffers from Aids/HIV. He basically complains that he received no treatment for his condition, presumably while he was an inmate in the Marshall County Jail. His Complaint states in part, "The Report occurred under the authority of Less [*sic*] Helton

advisements of Marshall County from 8-8-2009 to 10-16-2009."[1] Docket No. 1, p. 2. He further refers to negligence "of the healthcare providers under authority of Less [*sic*] Helton." *Id.*, p. 3.

The instant Motion is based upon an argument that neither Sheriff Helton nor Marshall County has been properly served. Defendants argue that "Plaintiff has failed to serve the Chief Executive Officer of Marshall County," and, therefore, he "failed to achieve service upon Marshall County or Les Helton, in his official capacity. Docket No. 15, p. 3. Defendants further argue that Plaintiff failed to properly serve Mr. Helton in his individual capacity.

The rules governing the proper service of process in federal courts can be quite complex. Docket No. 49. One principle, however, is clear. In cases filed in forma pauperis, the responsibility for serving summonses rests upon the United States Marshal. Title 28, Section 1915(d) states in part, "The officers of the court shall issue and serve all process, and perform all duties in such [in forma pauperis] cases." Additionally, Fed. R. Civ. P. 4(c)(3) provides:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . .

As the Sixth Circuit has stated:

> Together, Rule 4(c)[(3)] and 28 U.S.C. § 1915[(d)] stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, *thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.*

*Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996) (emphasis added, citation omitted).

---

[1] The Court does not understand Plaintiff's reference to "The Report."

The record reflects that summonses were issued to Les Helton and to "Sheriff and Municipalities Marshall County." Docket No. 11. The U.S. Marshal Service served both summonses via certified mail, return receipt requested, and later filed returns showing that both summonses had been served. Docket Nos. 12, 13.

If Defendants were not properly served in this action, Plaintiff is not responsible for that circumstance. Thus, the instant Motion to Dismiss (Docket No. 14) should be DENIED.

It is obvious that Defendants are aware of the instant lawsuit, but, as they argue, they do have the right to demand proper service. At the same time, however, Defendants may waive the defense of insufficiency of service of process. Fed. R. Civ. P. 12(b)(5), 12(h). Therefore, within twenty (20) days of the entry of this Order, Defendants shall advise the Court in a filing whether they will waive service of process. If they choose not to waive service, they shall advise the Court in a filing how they wish to properly be served, and the Court will direct the Marshal to serve Defendants in such a manner.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge