IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DARRYL STEVENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 1:10-00043 |
| v. ) | JUDGE SHARP / KNOWLES |
| ) | |
| ) | |
| LES HELTON, SHERIFF, AND ) | |
| MUNICIPALITIES OF MARSHALL ) | |
| COUNTY, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendants' Motion for Summary Judgment. Docket No. 48. Defendants filed the instant Motion and supporting materials on March 14, 2012. Docket Nos. 48 - 50-1.

Plaintiff has filed an "Opposition" and "Affidavit in Support of Plaintiff's Motion Opposing Defendants recent filed Summary Judgement,"[1] which the undersigned will construe collectively as a Response. Docket Nos. 53, 54.

Plaintiff, pro se, was at all times relevant to the case at bar an inmate at Turney Center Industrial Complex. Docket No. 1. He filed this case alleging "Deliberate Indifference in Medical Care, Malpractice, Neglect." *Id.* He has since been released. *Id.* Plaintiff's Complaint, in its entirety, states as follows:

---

[1] Plaintiff's "Affidavit" is not properly sworn and is therefore not in a form required by Fed. R. Civ. P. 56.

1

> I would like to file this civil suit in a pro-se fashion and proceed as a poor person. I'm currently not receiving any income I was receiving SSI social security for my present medical condition
>
> My primary complaint is I suffer from AIDS/HIV. I was diagnosed with this by the medical staff at federal prison medical staff and or John Norwood of Memphis Medical Hospital (the Med Plex). Neuropathy and numbness in the lower extrimites [*sic*].
>
> In accordance to policy, I signed a medical release of medical records in accordance to HIPPA laws. The documents will reflect the diagnosis, but my current medical records from Marshall County will not reflect any treatment or guidance to reflect treatment of the said condition. I've not been seen or evaluated by a competent medical professional about this condition. I've seen yet to see [*sic*] a competent medical professional, who can triage, diagnose, treat or order medications. LPN aren't qualified to treat my condition. Why haven't I seen a competent proffessional [*sic*]. I'm suffering excessive head-aches on a dialy [*sic*] basis. Migraine headaches and I don't know why or when they will come. Severe enought [*sic*] to make me cry. No medicine was administered by Nurse Jean. A health care partners employee. The report occurred under the authority of less Helton advisments [*sic*] of Marshall County from 8-8-2009 to 10-16-2009.
>
> Currently, I'm having some complications with my lower extremities , and rash and hives and wartz [*sic*] over upper torso also I suffered from STD syphilis infection chonic [*sic*] which lead to severe headache and hives rash and wartz [*sic*] over visible parts of the body. Due to Negligent of the health care providers under authority of less Helton. This should have been annotated on the intake physical. A 42 USC 1983 will be filed, and this matter is and will be addressed. Plaintiff ask Court to please accept this Complaint.

Docket No. 1.

While Plaintiff does not explicitly state who he sues, in what capacity is sues them, or the relief he requests, it appears as though he is requesting to see "qualified" and "competent" medical professionals, who can "triage, diagnose, treat or order medications" for him. It is clear,

2

however, that Plaintiff seeks no monetary damages.  As has been noted Plaintiff is no longer housed at Turney Center.  *See* Docket No. 51, Notice of Change of Address.  Because Plaintiff is no longer housed at Turney Center, his request for injunctive is MOOT.  *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996).

For the foregoing reasons, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge